**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> HUGO EDUARDO PULIDO-AVINA, <br><br> Defendant - Appellant. | No. 22-50126 <br><br> D.C. No. <br> 2:21-cr-00396-FLA-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted March 17, 2025[**]

Before:     CANBY, R. NELSON, and FORREST, Circuit Judges.

Hugo Eduardo Pulido-Avina appeals from the district court's judgment and

challenges the 12-month-and-one-day sentence imposed following his guilty-plea

conviction for being an illegal alien found in the United States following

deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Pulido-Avina contends that the district court erred in denying him a downward departure for cultural assimilation and imposed a substantively unreasonable sentence. We do not independently review the propriety of a departure; instead, we ask only whether the sentence is substantively reasonable. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005 (9th Cir. 2012).

The district court did not abuse its discretion in imposing the within-Guidelines sentence, which is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Pulido-Avina's criminal and immigration record. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**